UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION

IN RE:

INNOVATIVE MAINTENANCE SERVICES, LLC

Debtor(s).

Chapter 11 Subchapter V
Case No. 24-60317

**APPLICATION TO EMPLOY MAGEE GOLDSTEIN LASKY & SAYERS, P.C. AS COUNSEL FOR THE DEBTOR EFFECTIVE THE PETITION DATE**

The above-captioned debtor and debtor-in-possession (the "Debtor"), by counsel, hereby applies (this "Application"), for entry of an order authorizing the Debtor's employment and retention of Magee Goldstein Lasky & Sayers, P.C. ("MGLS") as its attorneys in connection with its chapter 11 case, effective the Petition Date (as defined herein). In support of this Application, the Debtor submits the Declaration of Andrew S. Goldstein, president of MGLS (the "Declaration"), which is attached hereto as **EXHIBIT 1**. In further support whereof, the Debtor respectfully states as follows:

**Jurisdiction and Venue**

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The statutory bases for the relief requested herein are sections 327(a) and 330 of the Bankruptcy Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code"), Rules 2014(a) and 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and the Local Bankruptcy Rules for the United States Bankruptcy Court for the Western District of Virginia (the "Local Rules").

**Background**

3. The Debtor has filed a voluntary petition for relief under chapter 11 subchapter V of the Bankruptcy Code. The Debtor is operating its business and managing its property as a debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. The Debtor has elected small business, Subchapter V status.

4. The Debtor requires legal counsel to assist it with complying with all requirements of the Bankruptcy Code and in developing and seeking approval of a plan of reorganization.

**Relief Requested**

5. By this Application, the Debtor seeks entry of an order pursuant to sections 327(a) and 330 of the Bankruptcy Code, Bankruptcy Rules 2014(a) and 2016, and the Local Rules authorizing the employment and retention of MGLS as its attorneys in accordance with the terms and conditions set forth in that certain engagement agreement (the "Engagement Agreement") between the Debtor and MGLS, a copy of which is annexed as **EXHIBIT 2** hereto and incorporated herein by reference.

**MGLS's Qualifications**

6. The Debtor seeks to retain MGLS because of MGLS's expertise and experience in the field of debtor protections, creditors' rights, and reorganization proceedings under chapter 11 of the Bankruptcy Code. MGLS has been actively involved in major chapter 11 cases, both within and outside of this Court.

7. In preparing for its representation of the Debtor in this Bankruptcy Case, MGLS has become familiar with the Debtor's businesses and many of the potential legal issues that will arise in the context of this Bankruptcy Case. These facts render MGLS both well qualified and uniquely able to represent the Debtor's interests in these proceedings in an efficient and timely manner. Requiring the Debtor to engage new counsel would impose

2

an undue burden; moreover, the time and effort that would be necessary for new counsel to become acquainted with the Debtor's financial and legal situation would create inefficiencies that would prejudice the Debtor.

### Services to Be Provided

8. Subject to further order of the Court and consistent with the Engagement Agreement, the Debtor requests the employment and retention of MGLS to render the following legal services:

   a. Advising the Debtor with respect to its powers and duties as debtor in possession in the continued management and operation of its business and properties;

   b. Advising and consulting on the conduct of the Bankruptcy Case, including all of the legal and administrative requirements of operating in chapter 11;

   c. Attending meetings and negotiating with representatives of Debtor's creditors and other parties in interest;

   d. Taking all necessary action to protect and preserve the Debtor's estate, including prosecuting actions on the Debtor's behalf, defending any actions commenced against the Debtor, and representing the Debtor's interests in negotiations concerning all litigation in which the Debtor is involved, including objections to claims filed against the Debtor's estates;

   e. Preparing all pleadings, including motions, applications, answers, orders, reports, and papers necessary or otherwise beneficial to the administration of the Debtor's estate;

   f. Representing the Debtor in connection with obtaining post-petition financing, if necessary;

   g. Advising the Debtor in connection with any potential sale of assets;

   h. Appearing before the Court to represent the interests of the Debtor's estate before the Court;

   i. Taking any necessary action on behalf of the Debtor to negotiate, prepare on behalf of the Debtor, and obtain approval of a chapter 11 plan and documents related thereto; and

   j. Perform all other necessary or otherwise beneficial legal services to the Debtor in connection with prosecution of this Bankruptcy Case, including (i) analyzing the Debtor's leases and contracts and the assumptions, rejections, or assignments

3

thereof, (ii) analyzing the validity of liens against the Debtor; and (iii) advising the Debtor on corporate and litigation matters.

## Professional Compensation

9. MGLS intends to apply for compensation for professional services rendered on an hourly basis and reimbursement of expenses incurred in connection with the Debtor's Bankruptcy Case every 60 days, subject to the Court's approval and in compliance with applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, guidelines established by the Office of the United States Trustee for the Western District of Virginia, and any other applicable procedures and orders of this Court, on an hourly basis and subject to a general retainer. The hourly rates and corresponding rate structure to be utilized by MGLS in this Bankruptcy Case are essentially equivalent to the hourly rates and corresponding rate structure used by MGLS for restructuring, workout, bankruptcy, insolvency, and comparable matters, regardless of whether an application is required. These rates and the rate structure reflect that restructuring and other matters involve great complexity, high stakes, and severe time pressures.

10. MGLS's hourly rates are set at a level designed to fairly compensate MGLS for the work of its professionals and paraprofessionals and to cover fixed and routine overhead expenses. Hourly rates vary with the experience and seniority of the individuals assigned. These hourly rates are subject to periodic adjustments to reflect economic and other conditions and are consistent with the rates charged by firms of similar size and experience in similar locations. The initial hourly rates for the attorneys and paralegals at MGLS who are expected to have primary responsibility for the case are set forth in the Engagement Agreement. MGLS attorneys who have responsibility for particular issues arising in this case bill at hourly rates typically ranging from $250.00 per hour to $425.00 per hour. Paralegal and paraprofessional rates are $115.00 per hour.

11. It is MGLS's policy to charge in all areas of its practice for identifiable, non-overhead expenses incurred in connection with the client's case that would not have been incurred except for representation of that particular client. It is also MGLS's policy to charge only the amount actually incurred by MGLS in connection with such items. Examples of such expenses include postage, overnight mail, courier delivery, transportation, overtime expenses, computer-assisted legal research, photocopying, outgoing facsimile transmissions, airfare, meals, and lodging.

12. Subject to Court approval in accordance with §330(a) of the Bankruptcy Code, and subject to any order entered by the Court in this case, the Debtor has agreed to pay for MGLS's legal services on the basis described above and to reimburse MGLS for reasonable expenses incurred during such representation as indicated above. The Debtor understands that MGLS intends to apply to the Court for allowance of compensation and reimbursement of expenses in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and orders of this Court for services performed and expenses incurred after the Petition Date.

13. Pursuant to Bankruptcy Rule 2016(b), MGLS has not shared or agreed to share (a) any compensation it has received or may receive with another party or person, other than with the partners, associates, and attorneys associated with MGLS, or (b) any compensation another person or party has received or may receive.

14. The Debtor retained MGLS to advise it as to alternatives for reorganizing of its business, not only for its benefit, but also for the benefit of its creditors and other parties in interest. Prior to the Petition Date, MGLS agreed to accept $15,000.00 including the filing fee of $1,738.00 from the Debtor, $7,500.00 to be paid by the Petition Date and the balance of

5

$7,500.00 to be paid within two (2) weeks of the filing of the bankruptcy petition. As of the Petition Date, $4,278.00 is in the Debtor's retainer account at MGLS.

### MGLS's Disinterestedness

15. To the best of the Debtor's knowledge, and as disclosed herein and in the Declaration, (a) MGLS is a "disinterested person" within the meaning of section 101(14) of the Bankruptcy Code, as required by section 327(a) of the Bankruptcy Code, and except as disclosed in the Declaration does not represent an interest adverse to the Debtor's estate; and (b) MGLS has no connection to the Debtor, its creditors, or related parties except as may be disclosed in the Declaration.

16. MGLS will periodically review its files during the pendency of this Bankruptcy Case to ensure that no conflicts or other disqualifying circumstances exist or arise. Should relevant facts or relationships be discovered or arise, MGLS will use reasonable efforts to identify such further developments and will promptly file a supplemental declaration, as required by Bankruptcy Rule 2014(a).

### Fee Applications

17. As described above, MGLS intends to apply to the Court for allowance of compensation and reimbursement of expenses in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules of this Court, and pursuant to any additional procedures that may be established by the Court in this Chapter 11 case; however, MGLS requests authority to apply to the Bankruptcy Court for fees and expenses in 60-day intervals, beginning on the Petition Date, rather than in 120-day intervals.

### Notice

18. Notice of this Application has been given to the U.S. Trustee pursuant to Local Rule

2014-1.  Pursuant to Local Rules and in accordance with Rule 6003, absent objections within 14 days from the date of this application, the Court may enter an order approving the application without the necessity of holding a hearing.

WHEREFORE, Innovative Maintenance Services, LLC. debtor and debtor in possession, respectfully requests entry of an order granting this Application.

Date: April 2, 2024                Respectfully submitted,

INNOVATIVE MAINTENANCE SERVICES, LLC


By:  /s/ Michael G. Towler
It's Manager

By: /s/ Andrew S. Goldstein
MAGEE GOLDSTEIN LASKY & SAYERS, P.C.
Andrew S. Goldstein, Esq. (VSB #28421)
PO Box 404
Roanoke, VA  24003-0404
Telephone: (540) 343-9800
Facsimile: (540) 343-9898
Electronic Mail: agoldstein@mglspc.com
*Proposed Counsel for the Debtor*

## CERTIFICATE OF SERVICE

I certify that on this 2nd day of April, 2024 I electronically filed the original of the foregoing with the United States Bankruptcy Court for the Western District of Virginia which caused electronic copies to be served on the United States Trustee and all users of ECF that have appeared in this case.

By: /s/ Andrew S. Goldstein